UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT C. MATHEWSON, II,

    Plaintiff,

v.

Case No. 11-CV-13753-DT

HONORABLE DENISE PAGE HOOD

BANK OF AMERICA, NA, as successor
by merger to BAC Home Loans Servicing, LP
formerly known as Countrywide Home
Loans Servicing, LP, and COUNTRYWIDE
HOME LOANS, INC., Agent for Countrywide
Bank, FSB, doing business as America's
Wholesale Lender,

    Defendants.
_____/

**ORDER GRANTING MOTION TO DISMISS**
**and**
**ORDER DISMISSING ACTION**

**I.   BACKGROUND**

On August 26, 2011, this action from the Oakland County Circuit Court, State of Michigan, was removed by Defendants Bank of America, NA, as successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP ("Bank of America"), and Countrywide Home Loans, Inc., Agent for Countrywide Bank, FSB, doing business as America's Wholesale Lender ("Countrywide").  Plaintiff Robert C. Mathewson, II ("Mathewson") alleges in his Verified Complaint for Injunctive Relief, to Quiet Title and for Other Relief the following counts:  Violation of MCL § 600.3404 *et seq.* (Count I); Quiet Title (Count II); and, Injunctive Relief (Count III).

Mathewson financed the 4783 Lakeview Blvd., Clarkston, Michigan property with a loan through Countrywide on June 20, 2007.  (Comp., ¶ 7)  Bank of America is the assignee for the loan.

(Comp., ¶ 8) Bank of America purchased the home at a Sheriff's sale held on February 22, 2011. (Comp., ¶ 9) A foreclosure proceeding has been instituted on the property without the required notices. (Comp., ¶¶ 10, 13) No modification process was offered on the property. (Comp., ¶ 11)

This matter is before the Court on Bank of America and Countrywide's Motion to Dismiss under Rules 12(b)(1) and (6) of the Rules of Civil Procedures. Response, reply and supplemental briefs have been filed.

## II.     ANALYSIS

### A.     Standard of Review

Rule 12(b)(1) of the Rules of Civil Procedure provides for dismissal for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). Motions under Rule 12(b)(1) fall into two general categories: facial attacks and factual attacks. S*ee, RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996). A facial attack challenges the pleading itself. In considering this type of attack, the court must take all material allegations in the complaint as true, and construe them in light most favorable to the non-moving party. *Id.* Where subject matter jurisdiction is factually attacked, the plaintiff bears the burden of proving jurisdiction to survive the motion, and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* In a factual attack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that

"a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record

3

of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

### B.   Standing

Bank of America and Countrywide argue that Mathewson lacks standing to challenge the foreclosure sale since the redemption period expired on August 22, 2011. Mathewson responds that because he brought the action during the redemption period and there is no evidence of a bona fide purchaser, Mathewson is entitled to relief, citing *Richard v. Schneiderman & Sherman, P.C.,* 2011 WL 3524302 (August 11, 2011), which he claims hold that cases filed beyond the statutory redemption period need not be dismissed. Mathewson also argues that the foreclosure proceeding did not follow the foreclosure by advertisement statute and he did not receive the appropriate notice required under the statute.

Standing is a jurisdictional matter and is a threshold question to be resolved by the court before the court may address any substantive issues. *Planned Parenthood Ass'n v. City of Cincinnati,* 822 F.2d 1390, 1394 (6th Cir. 1987). Article III of the United States Constitution limits the federal courts' jurisdiction to "cases and controversies." In *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), the United States Supreme Court set forth three elements to establish standing: 1) that he or she suffered an injury in fact, which is both concrete and actual or imminent; 2) that the injury is caused by defendants' conduct; and 3) that it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. "A plaintiff bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 494 (6th Cir. 1999)(citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982)).

In Michigan, once the redemption period following foreclosure of a parcel real property has expired, the former owners' rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)(unpublished); and *Smith v. Wells Fargo Home Mortgage, Inc.,* Case No. 09-13988 (E.D. Mich. 2010)(unpublished). Filing of a lawsuit does not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings. *Overton,* 2009 WL 1507342 at *1.

The *Schneiderman* case cited by Mathewson is not applicable. The *Schneiderman* case relied on the now-reversed case, *Residential Funding Co., L.L.C. v. Saurman,* 2011 WL 1516819 (April 21, 2011). *Saurman* involved the issue of whether Mortgage Electronic Registration Systems ("MERS") had the authority to foreclose by advertisement under M.C.L. § 600.3204(1)(d). The Michigan Court of Appeals held in *Saurman* that MERS, who foreclosed by advertisement, was not permitted to do so because it did not have legal or equitable ownership rights in the debt secured by the mortgage in that case. *Saurman,* 2011 WL 1516819 *at 5.* MERS is not a party to this case and was not the foreclosing party as alleged by Mathewson. The *Schneiderman* case limited the holding of *Saurman* holding that if the mortgagor failed to challenge the foreclosure by advertisement during the redemption period or any proceedings seeking an order of eviction, or if the foreclosed property has been sold to a bona fide purchaser, then *Saurman* does not apply. *Schneiderman,* 2011 WL 3524302 at * 2. The *Schneiderman* merely addressed the retroactivity of *Saurman*, and did not address the issue of standing.

It is noted that the Michigan Supreme Court reversed the Michigan Court of Appeals' decision in *Saurman* finding that the appellate court "erroneously construed" M.C.L. §

600.3204(1)(d). *Residential Funding Co., L.L.C. v. Saurman,* 2011 WL 5588929, *1 (Mich. Nov. 16, 2011). The Michigan Supreme Court clarified MERS' status under M.C.L. 600.3204(1)(d), holding that MERS' "interest in the indebtedness–i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness–authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d)." *Id.* Mathewson's reliance on the *Schneiderman* and the *Saurman* cases is misplaced since the Michigan Supreme Court reversed *Saurman*.

Given that the redemption period has expired in this case, Mathewson's challenge to the foreclosure proceedings must be dismissed for lack of standing and failure to state a claim upon which relief may be granted. Other than the cases relying on the Michigan Court of Appeal's *Saurman* decision, Mathewson has not submitted any cases which hold that filing a case during the redemption period tolls the redemption period. Mathewson cannot establish standing in this case.

    **C.**    **Notice Regarding Loan Modification**

Mathewson argues that because there was no notice regarding loan modification as required under MCL 600.3205a, his Complaint should not be dismissed.

Michigan's loan modification statutes, MCL 600.3205a *et seq.,* require a lender to consider a borrower for a loan modification prior to commencing foreclosure by advertisement. *See* MCL 600.3205c. The statutes do not require a lender to modify a loan, nor allow a court to set aside the foreclosure. *See Adams v. Wells Fargo Bank, N.A.,* 2011 WL 3500990 at *4 (E.D. Mich. Aug. 10, 2011)(unpublished). A defective loan modification notice is insufficient to justify setting aside a foreclosure sale. *Nafso v. Wells Fargo Bank, NA,* 2011 WL 1575372 (E.D. Mich. 2011 Apr. 26, 2011)(unpublished), *citing, United States v. Garno,* 970 F. Supp. 628, 633 (E.D. Mich. 1997) and

*Detroit Trust Co. v. Agozzinio,* 280 Mich. 402, 405-06 (1937).  As noted above, filing of a lawsuit does not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings.  *Overton,* 2009 WL 1507342 at *1.

### III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss **(Doc. No. 4, filed 9/16/2011)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

7